IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL KANU, | : | |
| | : | 4:09-cv-1535 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES; THOMAS | : | |
| DECKER; and MARY SABOL, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

**November 23, 2009**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc.12), filed on October 29, 2009, which recommends that the petition of Abdul Kanu ("Petitioner" or "Kanu"), for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. On November 17, 2009, Petitioner filed objections to the R&R. For the reasons set forth below, the Court shall overrule the Petitioner's objections and adopt the R&R.

1

I. **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

II. **PROCEDURAL BACKGROUND**

On August 11, 2009, Petitioner, a detainee of the Bureau of Immigration and Customs Enforcement ("BICE") at York County Prison, York, Pennsylvania filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents filed a response to the petition on September 28, 2009. (Doc. 10). On October 7, 2009, Petitioner filed a Traverse with an exhibit. (Doc. 11).

## III. FACTUAL BACKGROUND[1]

Petitioner is a native and citizen of Sierra Leone. He was admitted to the United States in 1997, as a child of a United States citizen. On February 20, 2007, Petitioner was convicted in the Superior Court of the State of Delaware in New Castle, Delaware, for the offense of Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance. On November 5, 2007, Petitioner was convicted in the Court of Common Pleas of Delaware County, Pennsylvania for the offense of Manufacture/Deliver/Possession with Manufacture or Delivery.

Thereafter, on November 10, 2008, BICE issued Petitioner a Notice to Appear and charged him with being subject to removal from the United States under § 237(a)(2)(B)(I) of the INA. Also on that date, the Department of Homeland Security ("DHS") issued a Notice of Custody Determination and advised Petitioner that while he waited for a final decision from an Immigration Judge with respect to his removal from the United States, he would remain in the custody of DHS. DHS issued Petitioner a Warrant of Arrest of Alien directing that Petitioner be taken into custody for purposes of his removal proceedings. On January 21, 2009, DHS issued Petitioner a notice of Additional Charges of

---

[1] This factual summary is taken directly from Magistrate Judge Blewitt's R&R (Doc. 12) at pages 2 through 6, and citations to the record can be found therein.

Inadmissibility/Deportability and advised him that he was subject to being removed from the Untied States due to his drug trafficking convictions, pursuant to § 237 (a)(2)(A)(iii) of the INA.

On February 12, 2009, Petitioner was found removable from the United States by an Immigration Judge, and he waived his right to appeal the removal order.[2] On August 5, 2009, BICE issued a Decision to Continue Petitioner's Detention. Thereafter, on September 8, 2009, Petitioner's case was to the Headquarters Case Management Unit ("HQCMU") for a final custody determination during the pendency of his removal. To date, the HQCMU has not made a final determination in Petitioner's case, however the record shows that the HQCMU is actively contacting the Sierra Leone Embassy to obtain a travel document for Petitioner's removal from the United States.

## IV. DISCUSSION

Petitioner challenges his continued confinement at York County Prison while he is awaiting execution of his final removal order. In the first claim, Petitioner claims that his continued indefinite detention by BICE is unconstitutional based on *Zadvydas v. Davis*, 533 U.S. 678 (2001). Specifically, Petitioner claims that his continued detention violates 8 U.S.C. § 1231(a)(6) and

---

[2] Petitioner does not dispute that his removal order is final.

4

*Zadvydas* since BICE has not been able to show within the six-month presumptively reasonable removal period that there is a significant likelihood of his removal to Sierra Leone. In addition to his *Zadvydas* claim, Petitioner states that his continued detention by BICE is a violation of his constitutional rights under the Fifth Amendment Due Process Clause. In particular, Petitioner claims that his continued detention violates his right to substantive due process by depriving him of his liberty. Finally, Petitioner asserts a Fifth Amendment procedural due process claim, stating that he should be given a "meaningful opportunity to demonstrate that he should not be detained" and that the "custody review procedure [is] constitutionally insufficient both as written and as applied." Petitioner requests the Court to direct Respondents to immediately release him from BICE custody.

With respect to Petitioners' *Zadvydas* claim, the Magistrate Judge concluded that the Respondents made a sufficient showing that BICE is currently working with the Embassy of Sierra Leone *via* HQCMU in order to procure a travel document for Petitioner. The Magistrate Judge also concluded that Petitioner has not offered any evidence that his removal is unlikely to occur in the reasonably foreseeable future.[3] Furthermore, as the Magistrate Judge notes, now that

---

[3] Furthermore, as the Magistrate Judge notes, now that Petitioner's removal order is final, he can submit a request for release with BICE under 8 C.F.R. § 241.13, *et seq.*

Petitioner's order of removal is final, he can submit a request for release with BICE under 8 C.F.R. § 241.13, *et seq.*

Nothing in our evaluation of Plaintiff's objections causes this Court to depart from the Magistrate Judge's reasoning and conclusion. Respondents have established that BICE is actively trying to work with Sierra Leone to facilitate Petitioner's removal. Further, Petitioner can still avail himself of administrative review with BICE pursuant to 8 C.F.R. § 241.13, *et seq.* Based upon the record before us, we simply do not find that there is "no significant likelihood of removal," and shall deny Petitioner's *Zadvydas* claim.

With regards to Petitioner's due process claims, the Magistrate Judge concluded that no due process violations occurred with regards to Petitioner's removal. In particular, the Magistrate Judge noted that Petitioner presented no evidence that BICE's Decision to Continue the Detention of Petitioner was arbitrary and capricious, nor did Petitioner make any showing to support his allegation that BICE is biased against aliens. Once again, based on our review of Petitioner's objections, we find no reason to depart from the Magistrate Judge's findings with regards to Petitioner's due process claim.

In conclusion, our review of this matter confirms the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, and thus we will adopt the

R&R in its entirety and overrule the Petitioner's objections. An appropriate Order shall issue.